

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF OKLAHOMA**

FILED

SEP 18 2017

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| (1) LESLIE BROWN, JR., | ) | 17 CV 526 JED - FHM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. _____ |
| (2) ANGELA BRADLEY, (3) KEVIN COX, | ) | |
| (4) JACK HENDERSON, (5) G.T. BYNUM, | ) | |
| (6) CITY COUNCIL OF CITY OF TULSA, | ) | |
| (7) DENNIS SEMLER, TULSA COUNTY | ) | |
| TREASURER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff above, complaining of the defendants, herein

alleges and says:

**A. Parties**

1. That this is a civil action brought pursuant to 42 U.S.C.A. Sec 1983.

Plaintiff is a resident of Tulsa County. That all individual defendants named above

are believed by Plaintiff to the residents of Tulsa County. Defendant City Council

of the City of Tulsa is an agency or some type of instrumentality of the City of

Tulsa, a municipal corporation.



2.   That this Court has jurisdiction of this action pursuant to the above cited federal statute.  That this is an action brought by Plaintiff for violation of his civil rights by said defendants, while said defendants were acting under color of state law.  That this suit is further being pursued against said individual named defendants above in their individual capacity.

3.   That all individual defendants named above, with the exception of Defendant Dennis Semler, are all agents and/or employees of the City of Tulsa. That this suit is further being brought against defendant G. T. Bynum while said defendant was acting as a member of the Tulsa City Council.  That this action against defendant Dennis Semler is further solely for injunctive relief and not for money damages.

4.   That defendant named above, Angela Bradley, was acting as a code enforcement officer with the City of Tulsa when she violated my civil and constitutional rights while acting individually and in conspiracy with numerous others to do the same.

5.   That defendant named above Kevin Cox, was acting as the supervisor of code enforcement officers for the City of Tulsa when he acquiesced and approved

-2

the infirm and discriminatory actions of his co-worker and subordinate employee defendant Angela Bradley in denying to me my civil and constitutional rights to abate and alleged nuisance.

6.  Defendant Jack Henderson is a former member of the City Council of City of Tulsa when while acting in conjunction and conspiracy with other members of the City Council of the City of Tulsa and defendants Bradley and Cox, he denied to me a hearing before the City Council to contest the infirm and discriminatory actions of defendants Bradley and Cox in relation to said defendants infirm actions in my attempt to abate an alleged nuisance.

7.  Defendant G. T. Bynum is a former member of the City Council of the City of Tulsa, when while acting in conjunction and conspiracy with other members of the City Council of the City of Tulsa, and defendants Bradley and Cox, he denied to me  a hearing before the City Council to contest the infirm and discriminatory actions of defendants Bradley and Cox in relation to said defendants infirm actions in my attempt to abate an alleged nuisance.

8.  Defendant City Council of the City of Tulsa, is an instrumentality of the City of Tulsa, a municipal corporation of the State of Oklahoma, who acting in

conjunction with defendants Henderson, Bynum, and others denied to me the rights to procedural due process and proper hearing to contest the infirm unconstitutional actions of defendants Bradley and Cox in relation to the property which I was a lessee and caretaker thereof.

9.   Defendant Dennis Sumler is the acting County Treasurer for the County of Tulsa, and pursuant to state statute and procedure and request of the defendants named above through the City of Tulsa is planning to wrongfully sell at a county tax sale the property which is the subject matter of this action pursuant to improper and illegal charges against said property set forth by defendants named above.


**B.  JURISDICTION**

That this Court has jurisdiction of this action pursuant to the above cited federal statute  42 U.S.C.A. Sec. 1983.

**C.  NATURE OF CASE**

I was prevented by defendant named above Angela Bradley and officers of the Tulsa Police Dept. from finishing cutting and weed eating my yard in

-4-

September, 2015.  I had hired an individual to cut and weed eat my yard and before he finished the job the said Angela Bradley appeared with a private contractor at my residence located at 3773 North Garrison and prevented me and person whom I had hired to cut my yard from finishing the job. Angela Bradley is a Caucasian.  I am an African American.  I have had problems and trouble with Bradley in the past by her unduly harassing me about cutting my yard.  At one time in the past she constitute had the yard cut in the winter.  The condition of the yard at that time did not constitute a nuisance.  When I complained—she agreed and eversince that date has acted in an irrational manner and constantly harassed me about my yard.

It is my own bona fide personal opinion and belief that she is bias and prejudice against me because of my race.  I am further aware of other African-Americans within the community who have had dealing with her and they state she discriminates against African Americans with her code enforcement activities. They have further stated to me in their opinion she is a bigot and a racist.  I have attached to this complaint a letter from defendant Kevin Cox in relation to this

-5-

controversy.  Cox rubber-stamps and tacitly adopts all of Bradley's arbitrary, capricious, and discriminatory actions in relation to her discriminatory actions against African-Americans with her code enforcement activities.  He is a co-conspirator with Bradley with all of her infirm actions in violation of African American residents constitutional rights—including myself.

## D.  CAUSE OF ACTION

### a)   (1) Count 1   Denial of substantive due process of law

Supporting facts:  Plaintiff herewith adopts all statements, allegations, and averments contained in Section C. Nature of Case above, as his Statement of supporting facts in relation to Count 1 for his contention of denial of substantive due process of law in this cause.  That Plaintiff had both a common law and constitutional right to abate any alleged nuisance contended by the defendants above, i.e. defendant Bradley.  Plaintiff was prevented by Bradley and members of the Tulsa Police Dept., from continuing to abate said alleged nuisance and completing the cutting and weed eating of his yard, without threat of arrest. The refusal to allow Plaintiff to continue and finish cutting his yard was a clear

violation of Plaintiff's common law right to abate an alleged nuisance and a clear denial to Plaintiff of substantive due process of law.  Defendant Bradley's actions in failing to allow Plaintiff to finish the cutting of his yard was further arbitrary and capricious and done by said defendant because of her racial bias and prejudice against Plaintiff and African-Americans in general.

b)  Count II    Denial of procedural due process of law

Supporting Facts:   Plaintiff was not allowed a hearing before the City Council to contest the arbitrary and capricious actions of the City agents in their infirm constitutional actions complained of in this cause.  Plaintiff requested to be allowed a hearing in accordance with the Council's rules and procedures, however said Council members including defendant Henderson and Bynum acted in an arbitrary and capricious manner in now allowing to Plaintiff a hearing. Plaintiff has attached hereto and marked as an exhibits written documentation regarding his attempts to obtain a hearing before the City Council. The Council's refusal to allow to Plaintiff a hearing to contest said infirm actions of defendants Bradley and Cox was arbitrary and capricious and further in violation of Plaintiff's rights to due process of law.

-7-

c) Count III: Denial of equal protection of law

Supporting Facts:  That Plaintiff hereby adopts all statements, averments, and allegation set forth above in his statements contained in C. Nature of Case  in support of his Supporting Facts in this count for denial of equal protection of law. That defendant Bradley's actions in this cause were based upon selective enforcement with her  practices in her enforcement activities which are discriminatory against African-American citizens.  That said defendant purposefully and intentionally discriminates against African-American  residents and property owners in her code enforcement activities, and   she neglects to enforce the same  city ordinances and regulations  against Caucasian owners of property within the City which would and should also be declared as nuisances. Plaintiff possesses pictures of numerous other properties either owned by Caucasians and/or owned and controlled by the City of Tulsa which the City of Tulsa, and code enforcement officers, including defendants Bradley and Cox totally ignore  and fail to cite and/or prosecute as alleged nuisances, while properties owned and controlled by African Americans are accorded much stricter

-8-

scrutiny, enforcement, and prosecution by Bradley, Cox, and other code enforcement officers. Said discriminatory actions by defendants is purposeful and intentional and a clear violation of equal protection of law.

That the selective enforcement of alleged nuisance violations against Plaintiff in relation to the property which he is a lessor of denies to Plaintiff equal protection –as said selective enforcement is done with the purposeful intention of discriminating against him because of his race.

c) Count IV: Conspiracy to violate civil rights and commit fraud.

Supporting facts:   That Plaintiff herewith adopts all statements contained above, in all counts above, including all statements and averments contained in Section C. Nature of Case above in support of his Supporting facts in this instant cause for conspiracy to violate civil rights. That said defendant Bradley did conspire with members of the Tulsa Police Dept., defendant Cox, and all other members of the Tulsa City Council to violate Plaintiff's constitutional rights alleged above. Said members of the Tulsa City Council were and are knowledgeable of Bradley and Cox's infirm constitutional actions in relation to their discrimination against African-American residents of the City of Tulsa, and

their selective enforcement of city ordinances and regulations regarding alleged nuisances, however said City County members acquiesce and tacitly approve said infirm constitutional actions—acting in conspiracy with Bradley and Cox.

That defendants named above further know it is a plan and scheme of Bradley and Cox to encumber property owned and controlled by African Americans within the City of Tulsa with tax assessments for unpaid charges for maintenance of said alleged derelict properties.  That said plan of scheme of the Bradley and Cox is to further a purpose of the City of Tulsa to wrongfully take and deprive from African-American owners their real property.  Such a plan and scheme constitutes an unlawful taking of property in violation of the United States Constitution.

That defendants have assessed charges in excess of $600.00 as taxes and a lien upon said property for the charges of cutting and weed eating the property which is the subject matter of this action.  Said charges are totally fraudulent, and exorbitant and exist solely as an attempt to wrongfully steal and take said property by way of tax sale and/or to create a burden upon the owners of said property.  That Plaintiff has attached hereto and marked as an exhibit a copy of proof of said tax charges on said real property by the City of Tulsa.

-10-

Count VI.   <u>Request for injunctive relief against defendant</u>

<u>Semler</u>                                                                                      .

Supporting Facts:   That Plaintiff herewith adopts all facts and statements, and averments set forth above in this action.  That said defendant named above, Dennis Semler, acting as the Treasurer of Tulsa County is scheduled at some time in the near future to place for sale at a county action the real property which is the subject matter of this action.  That based upon all of the facts and allegations set forth above, and the evidence which this case will prove and produce any sale of said real property would be improper and in violation of the law because of the constitutionally infirm actions of said defendants herein.  That this Court should further grant to Plaintiff an injunction preventing said defendant Semler from selling the real property which is the subject matter of this action at any county sale or auction of Tulsa County properties.  That Plaintiff further  requests he be allowed a court hearing on his request for an injunction at which time he could prove and establish that the issuance of an injunction in this cause is proper and appropriate pending the resolution of this action.

### E.  REQUEST FOR RELIEF:

WHEREFORE, premises  considered, Plaintiff demands judgments against defendants Bradley and Cox for the sum of $25,000.00 each.  Plaintiff further demands judgments against defendants Henderson and Bynum for the sums of $10,000.00 each.   Plaintiff further demands judgment against the City Council for the City of Tulsa for the sum of $25,000.00.  Plaintiff further request he be granted an injunction against the Defendant Semler as so prayed for in the Complaint.  Plaintiff further requests he be granted all other rights in law and equity which he may show himself entitled to at a trial of this cause, including the costs for the prosecution of this action.  Plaintiff herewith demands a jury trial for all claims allowed to be tried by a jury.

Respectfully submitted,

LESLIE BROWN, JR.
Plaintiff  Pro Se
3773 North Garrison Ave.
Tulsa, Okla. 74106
918  764-6133

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct.  28 U.S.C. §1746. 18 U.S.C. §1621.

Executed at _____Tulsa, Okla_____ on _____9-18-2017_____
(Location)                                                          (Date)

_____Leslie Brown VI,_____
(Original Signature of Plaintiff)



**NEIGHBORHOOD
INVESTIGATIONS**

**918 596.1098**

**FAX
918 576.5468**

**CITY OF Tulsa**
A New Kind of *Energy*.

**WORKING IN NEIGHBORHOODS DEPARTMENT**

175 EAST SECOND STREET, SUITE 590
TULSA, OKLAHOMA • 74103

March 7, 2016

Mr. Leslie Brown, Jr – Tenant
3773 N Garrison Av E
Tulsa, OK 74106

Re: Nuisance Abatement Action
        Summary Case 866957
        3773 N Garrison Av E

Dear Mr. Brown:

Per your request, I completed a thorough review of the files and subsequent abatement action related to the property. The review concluded:

- Charles V and Debra Coleman, 4140 S River Lane, Ellenwood GA 30294-3289 were the legal owners at the time of the abatement. Tulsa County Land records continue to show their ownership.

- No Extension were applied for or granted.

- The property owner was advised of the violations

- The Notice to Abate was mailed on 01/09/2014, Nuisance case 783716. The NTA advised the "Entire lot must be mowed/cleaned/maintained, including the alley easements and right of ways and weed eating fence lines. All grass must be maintained at a height of less than 12 inches. All property lines must be mowed and cleaned to include the removal of vines, noxious growth and overgrowth. Remove the trash, junk and debris, including but not limited to, furniture, tree limbs, excessive clippings, and remove any unused or discarded items from the entire property. All openings of the specified structure are to be firmly secured and maintained so as to prevent any entry into the structure, including but not limited to, the broken window on the front of the house."

- On July 13, 2015 an inspection was made and violations of tall grass and weeds; trash junk and debris were found. A summary letter was posted at the property

- On August 24, 2015 the Summary Work Order was assigned to Nuisance Abatement Contractor Momentum Services.

- Although part of the front yard was mowed, the entire lot was not mowed at the time the contractors arrived on 09/18/2015. Tenant and Owner had 41 days to complete the abatement and bring the property into compliance.

- The Tenant, Leslie Brown, Jr was advised to stand down. When he did not, TPD was called to assist.

- TPD advised Mr. Brown and then Ernie Fields when he arrived to stand down and allow the contractors to complete the abatement.

- Nuisance Contractor Momentum Services completed the abatement by mowing and removing less than 2 yards of debris.

- Abatement work done on this property was in accordance with the requirements of the Notice to Abate a Nuisance #783716. That previous Notice to Abate states that no further notification would be made prior to any other work orders within a 24 month period.

- The photographs taken by the City of Tulsa contractor, before and after the Work Order process show the violations and the abatement of the property.

- The Tentant, Leslie Brown, Jr. has a history of being in violation of tall grass and weeds; trash, junk and debris since 2011.

- Before and After photographs of the work order have been included in the review response to Mr. Leslie Brown. All photographs are date and time stamped.

Neighborhood Investigations appreciates your bringing this matter to our attention.
However, I have found no error in the abatement process, nor can I adjust the current charges owed to the City of Tulsa.

I encourage you if future notices are received to contact the assigned inspector immediately to allow him/her to assist you. Again, please contact me at 918-596-7595 if I may be of further assistance.

Sincerely,
Kevin Cox
Inspection Supervisor


CC: Coleman, Charles V and Debra
    File



# TULSA CITY COUNCIL

May 20, 2016

Leslie Brown, Jr.
3773 N. Garrison Ave.
Tulsa, OK 74106

Re:  Request to Speak to Council – Public Comments

Dear Mr. Brown,

This letter is to advise you that your request to speak to Council under Agenda Section 11 regarding a rehearing of your abatement appeal that Council heard at its regular meeting of May 12, 2016 has been denied per Council rule and decision of the Council Chair.

Sincerely,

R. Keith Madden
Secretary to the Council

Ex. B

# TULSA CITY COUNCIL
## Public Comments - Request To Speak

Name: *(Please print)* Leslie Brown Jr.

Address: 3773 North Garrison Ave.

Phone: 918 849-7617 (Day/Work) _____ (Other)

Your organization (if any): NONE

**REQUESTED COUNCIL MEETING DATE:** Unknown

**TOPIC:** Please be very specific in describing/identifying the issue you want to speak on so that the agenda posting will comply with state law. Thank you.

Request for another hearing date on Nuisance appeal. Was late for one held on 5-12-2016 Arrived at City Hall at 6:50 p.m. Door was locked.

**SUPPORTING MATERIALS:** Please include with your application one (1) complete set of any material or documentation you want the Councilors to review.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLEASE NOTE:** Your request to speak ***must*** be received no later than noon of the Monday immediately preceding the Council meeting at which you wish to speak. You may submit this form as follows:

In Person:   deliver to Council Aide at the Council meeting preceding the meeting at which you want to speak or to the Council office (see address information below)

USPS:   Secretary
Tulsa City Council
175 E. 2nd St., 4th Floor
Tulsa, OK 74103

Fax:   918-596-1964

Email:   secretary@tulsacouncil.org

Told by Mr Madden the next day meeting had ended before 7:00, I request another right to be heard on the appeal.

Sign Here: Leslie Brown Jr.   Date: 5-19-2016

Please note that completion and submission of this request does not guarantee that your topic will be placed on the City Council Meeting Agenda.

| Council Use Only: | | Revised 11/23/15 |
|---|---|---|
| Date received: _____ | By: _____ | |

The decision was arbitrary and discriminatory and in violation of my rights.



**DENNIS SEMLER**
**TULSA COUNTY TREASURER**
500 S. DENVER AVE., 3RD FL
TULSA, OK 74103-3840
918-596-5071
TIN 73-6006419

Ex. 'C'

**2015 CLEANING AND MOWING STATEMENT**

| PARCEL NUMBER | TAX ROLL ITEM NUMBER |
|---|---|
| 29600-02-13-03610 | 15-32-1211865-001-3 |

MSG TRGQ

To view your tax account online, log on to www.treasurer.tulsacounty.org and select "Your Tax Account."

COLEMAN, CHARLES V AND DEBRA
4140 S RIVER LANE
ELLENWOOD GA 30294-3289

Credit and debit cards are NOT accepted in the Treasurer's office. See instructions on back of statement for these payment types.

| DATE PRINTED | TAXABLE VALUE | GROSS ASSESSED VALUE | EXEMPTION | NET ASSESSED VALUE | TAX RATE MILLS |
|---|---|---|---|---|---|
| 02/15/17 | | 00 | 0 | 00 | 0.00 |

The County Treasurer does not determine the amount of your tax. Taxes are based upon property values and tax rates. Property values are based on fair market value as determined by the County Assessor. Tax rates are set by the Excise Board and are based upon budgets submitted by taxing jurisdictions listed below. Payments are received and managed by the County Treasurer.

| | |
|---|---|
| TAX AMOUNT DUE | $459.69 |
| INTEREST | $89.64 |
| COSTS/FEES | $20.25 |
| | --------------- |
| AMOUNT DUE IF PAID BY 02/15/17 | $569.58 |

C OF A NO. 21186    01/08/16

PLEASE BE ADVISED THERE ARE UNPAID TAXES AND/OR SPECIAL ASSESSMENTS ON THIS PROPERTY. FOR THE TOTAL AMOUNT DUE CALL 918-596-5071.

**LEGAL DESCRIPTION**

LT 1 BLK 1

NORTHLAND SECOND ADDN

PROPERTY ADDRESS:    3773 N GARRISON AV E

TAX YEAR 2015    **DISTRIBUTION OF YOUR AD VALOREM TAX DOLLARS FOR TAXING UNIT:    T-1A**
The County Treasurer distributes taxes among the schools, cities, City-County Library, City-County Health Department and county instead of each taxpayer paying separate amounts to these agencies. All of the money you pay to the County Treasurer stays within your community. The tax rate (sometimes referred to as "millage rate") is based upon budgets submitted by these agencies, and includes the amounts necessary to pay bonded indebtedness approved by a vote of the people. The distribution of your ad valorem tax amount certified is as follows. Special assessments are distributed to the certifying entity.

alth

School 4-Mill

School District

Tulsa Technology Center

Tulsa Community College

Emergency Medical Service

City

County

Library

If paying in person, bring this statement. Cash, personal check, money order & cashier's checks are accepted in the Treasurer's office.